DECISION
{¶ 1} Defendant-appellant, Gary Mathis, appeals his conviction for assault following a bench trial in the Hamilton Municipal Court. As his sole assignment of error, appellant claims the trial court erred in allowing the prosecutor to question appellant regarding his attempted no contest plea.
 {¶ 2} The victim testified that he met up with appellant and appellant's brother earlier in the evening, and that the trio drove to appellant's apartment in appellant's truck so appellant could give his brother some money. The victim claimed appellant's brother initially assaulted him and that appellant then joined in the fracas, clubbing the victim several times with a large stick. The victim suffered a broken elbow, severe bruises and lacerations about his face and head, and had his wallet stolen.
 {¶ 3} Appellant admitted driving his brother and the victim to his home. He claimed, however, that he was not present when the assault occurred, but was in his apartment while the victim was attacked on the street below. Appellant denied ever coming to his brother's aid or participating in the assault.
 {¶ 4} On cross-examination and over defense counsel's objection, the prosecutor questioned appellant about a prior attempt to plead no contest to the charge. Appellant stated that he was willing to plead no contest to avoid a possible jail sentence, but that the trial court refused to accept the plea because the prosecutor was absent.
 {¶ 5} Crim.R. 11(G) provides that if a court refuses to accept a plea of no contest, the plea shall not "be admissible in evidence nor be the subject of comment by the prosecuting attorney or court."
 {¶ 6} Clearly, the prosecutor should not have been permitted to question appellant about the attempted no contest plea. Crim.R. 11(G) specifically prohibits the admission of any evidence regarding a no contest plea the court has refused to accept. Here, the court had refused appellant's earlier offer to plead no contest and the subsequent questioning by the prosecutor was in clear violation of the rule.
 {¶ 7} Appellant's sole assignment of error is sustained. The judgment of the trial court is hereby reversed and the matter is remanded for a new trial.
YOUNG, P.J., WALSH and POWELL, JJ., concur.